IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, INC. a/s/o OSI Industries, LLC<br>Information Technology, Inc.<br>399 Park Avenue, 2nd Floor<br>New York, NY 10022<br><br>And<br><br>OSI INDUSTRIES, LLC<br>1225 Corporate Boulevard<br>Aurora, Illinois 60605<br><br>               Plaintiffs,<br><br>    - v. -<br><br>STEVENS TRANSPORT, INC.<br>9757 Military Parkway<br>Dallas, TX 75227<br>SERVE ON: STEVEN L. AARON<br>9757 Military Parkway<br>Dallas, TX 75227<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**AND REQUEST FOR JURY TRIAL**

Plaintiffs, Starr Indemnity & Liability Company, Inc. ("Starr") and OSI Industries, LLC ("OSI"), by and through their attorneys, Paul J. Weber, Hyatt & Weber, P.A, and Kennedy Lillis Schmidt & English, allege upon information and belief as follows:

INTRODUCTION

1. This is an action for breach of contract of interstate motor carriage arising from damage to food products ("Cargo") owned by OSI, insured by Starr, and tendered to Stevens Transport, Inc. ("Stevens") for motor carriage from Chicago, Illinois to Jessup, Maryland.

## PARTIES

2.  OSI was and is a Delaware corporation with an office for the transaction of business at 1225 Corporate Boulevard, Aurora, Illinois 6505.

3.  OSI owned the Cargo.

4.  Starr was and is a corporation organized under the laws of the State of Texas with an office and place of located at 399 Park Avenue, 2nd Floor, New York, New York 10022.

5.  Starr insured the Cargo, paid OSI's losses resulting from the incident detailed herein, and is thereby subrogated to OSI's rights to the extent of that payment.

6.  OSI and Starr bring this action on their own behalves and as agents or trustees on behalf of all having an interest in the subject shipment.

7.  Stevens was and is a Texas company with an office for the transaction of business at 9757 Military Parkway, Dallas, Texas 75227.

8.  Stevens was and is registered with the United States Department of Transportation as an interstate carrier with U.S.D.O.T. number 79466.

9.  OSI contracted with non-party Armada to arrange transportation of the Cargo from Chicago to Maryland.

10. Armada contracted with Defendant Stevens to transport the Cargo from Chicago to Maryland.

11. Stevens issued its "Straight Bill of Lading – Short Form" No. 80575093 (the "Bill of Lading") covering interstate motor transport of the Cargo from Chicago, IL to Jessup, MD.

## JURISDICTION & VENUE

12. This action involves interstate transportation of goods by motor carrier. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

13. Venue is proper in this Honorable Court pursuant to 49 U.S.C. § 14706(d) (the "Carmack Amendment" to the ICC Termination Act of 1995).

## BACKGROUND

14. In or around July 2020, OSI sold the Cargo to non-party vendor Food Authority, located in Jessup, Maryland.

15. Stevens was hired and contracted to transport the Cargo from OSI's facility in Chicago, Illinois to Food Authority's facility in Jessup, Maryland.

16. On 11 July 2021, Stevens, in consideration of certain agreed freight charges, picked up, received, and accepted the Cargo, then in good order and condition, at OSI's facility in Chicago, Illinois, issued or accepted the Bill of Lading to cover the subject shipment, and agreed to carry the Cargo by truck from Chicago to Jessup, Maryland.

17. Upon delivery in Jessup, Maryland on or about 13 July 2020, Food Authority discovered the Cargo suffered temperature-related damages while in transit from Chicago, Illinois to Jessup, Maryland.

18. Due to the severity of the temperature abuse and damage, Food Authority rejected the Cargo.

19. As a result, OSI suffered losses totaling $154,286.37 in damages, as nearly as can now be determined.

20. OSI submitted a claim to Starr for its losses, and Starr paid OSI $144,286.37 (that is, $154,286.37 less OSI's $10,000 deductible) to settle the claim. Starr thereby became subrogated OSI's rights to the extent of that payment.

21. OSI retains uninsured losses in the amount of its $10,000 deductible.

## CAUSE OF ACTION – BREACH OF CONTRACT OF MOTOR CARRIAGE

22. Paragraphs 1 through 21 are incorporated by reference with equal force and effect as though fully set forth at length herein.

23. As a motor carrier of goods for hire, Stevens was obligated by the Carmack Amendment and the terms of the Bill of Lading to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by it.

24. Stevens breached those duties by failing to deliver the Cargo in the same good order and condition as when received by it.

25. As a direct and proximate cause of Stevens's breach of its duties under the Carmack Amendment and the terms of the Bill of Lading, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the principal amount of $154,286.37.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the principal amount of $154,286.37, together with interest, costs, disbursements, and such other and further relief as this Court may deem just and proper.

JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: May 18th, 2022

_____
Paul J. Weber (Bar No. 03570)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
Telephone: (410) 266-0626
Facsimile: (410) 841-5065
Email: pweber@hwlaw.com

*Counsel for Plaintiffs*