IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STARR INDEMNITY & LIABILITY COMPANY, INC. A/S/O OSI INDUSTRIES, LLC, et al.** | |
| Plaintiffs | |
| v. | Case No.: 1:22-cv-01195-SAG |
| **STEVENS TRANSPORT, INC.** | |
| Defendant | |

## ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

Defendant, **Stevens Transport, Inc.**, through its attorneys, Inga O. Upshaw and Ryan, Drewniak & Upshaw, P.A., respond to the Complaint and Request for Jury Trial filed by Plaintiffs Starr Indemnity & Liability Company, Inc. a/s/o OSI Industries, LLC and OSI Industries, LLC, and in support thereof, states as follows:

### INTRODUCTION

1. Upon information and belief, admitted.

### PARTIES

2. Upon information and belief, admitted.

3. Upon information and belief, admitted.

4. Upon information and belief, admitted.

5. Upon information and belief, admitted.

6. Upon information and belief, admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied as to the issuer of the Bill of Lading. Admitted as to the Number of the Bill of Lading and the transport at issue.

## JURISDICTION & VENUE

12. Admitted.

13. Admitted.

## BACKGROUND

14. Upon information and belief, admitted.

15. Admitted.

16. Admitted as to the date and location of cargo pickup, and destination, though expressly Denied as to the remainder of the allegations in this paragraph. In particular, OSI loaded the cargo in a 'warm' condition, such that it was not in 'good order and condition'.

17. Denied.

18. Denied as to the allegations of 'temperature abuse and damage' though admitted as to Food Authority's rejection of the cargo.

19. Denied.

20. Denied.

21. Denied.

## CAUSE OF ACTION – BREACH OF CONTRACT OF MOTOR CARRIAGE

22. Defendant Stevens Transport, Inc. incorporates by reference all of the allegations contained in paragraphs 1-21, as if set forth herein.

23. Admitted.

24. Denied.

25. Denied.

WHEREFORE, Defendant Stevens Transport, Inc. denies that Plaintiffs incurred and/or are entitled to a judgment against Defendant in the amount of $154,286.37, together with interest, costs, disbursements, and such other and further relief as this Court may deem just and proper.

### AFFIRMATIVE DEFENSES

1. Plaintiff OSI loaded the cargo warm.

2. Consignee Food Authority rejected the product that was actually within acceptable temperature range.

3. Defendant has provided evidence that the product was within acceptable temperature range.

4. Defendant did not commit the wrongs as alleged.

5. Defendant is not indebted as alleged.

6. Defendant had no duty to the Plaintiffs as alleged.

7. Defendant breached no duty to the Plaintiffs as alleged.

8. The condition which allegedly caused the Plaintiffs' damages, if any, was open and obvious to them.

9. Defendant specifically denies the existence of any causal connection between the Plaintiffs' alleged injuries and damages, if any, to the incident alleged.

10. The Complaint and Request for Jury Trial, and each and every count contained therein, fails to state a claim upon which relief can be granted.

11. The Plaintiffs' claims are barred by the doctrines of accord and satisfaction, *res*

*judicata*, and/or collateral estoppel.

12. The Plaintiffs' claims are barred by release, payment, or assignment.

13. The Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

14. The Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

15. The Plaintiffs' claims are barred by the doctrine of the assumption of the risk.

16. The Plaintiffs' damages, if any, were the sole and proximate result of their own negligence and, therefore, their claims are barred by contributory negligence.

17. The Plaintiffs' damages, if any, are not causally related to any act or omission by Defendant, and are, therefore, not the legal responsibility of Defendant.

18. The Plaintiffs' damages, if any, are the result of conduct of persons or parties other than Defendant, and are the legal responsibility of persons or parties other than Defendant.

19. The Plaintiffs have failed to mitigate their damages.

20. The Plaintiffs has waived their right to pursue this litigation against Defendant.

21. The Plaintiffs' claims are barred by discharge in bankruptcy.

22. The Plaintiffs' lawsuit is premature.

23. The Plaintiffs' claims for relief are barred to the extent they seek damages in excess of the limits imposed by applicable law.

24. Defendant is entitled to a setoff for all sums of money recovered by or on behalf of the Plaintiffs, as judgment, settlement, or otherwise, entered into or received by the Plaintiffs from any party or non-party to this action.

25. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches.

26. Defendant reserves the right to allege any other defense(s) available in law or in fact learned of throughout discovery. Defendant expressly reserves its right to amend this Answer to assert any and all such defenses.

27. Defendant specifically reserves the right to adopt and incorporate any affirmative defenses permitted under the Federal Rules of Civil Procedure, including, but not limited to, the affirmative defenses permitted under Fed. R. Civ. Pro. 8(c), which it learns are applicable to the instant litigation.

WHEREFORE, Defendant Stevens Transport, Inc., respectfully requests:

A. that the Complaint and Request for Jury Trial be dismissed with prejudice;

B. that they be awarded the costs of attorneys' fees incurred in defending this action;

C. that judgment be entered in their favor and for the cost of this lawsuit; and

D. that this Court grants such other and further relief as the nature of its cause may require.

Respectfully submitted,

　　　／s／　　Inga O. Upshaw
Inga O. Upshaw #05883
Ryan, Drewniak & Upshaw, P.A.
31 Old Solomons Island Road
Suite 201
Annapolis, Maryland 21401
(410) 897-9000
inga@rdulawfirm.com

Attorneys for Defendant
Stevens Transport, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of June, 2022, a copy of the foregoing **Answer to Complaint and Request for Jury Trial** was sent via electronic filing to the following counsel of record:

Paul J. Weber, Esquire
Hyatt & Weber, P.A.
200 Westgate Circle
Suite 500
Annapolis, Maryland 21401
pweber@hwlaw.com

Co-Counsel for Plaintiffs


John T. Lillis, Jr., Esquire
Kennedy Lillis Schmidt & English
75 Maiden Lane
Suite 402
New York, New York 10038
jlillis@klselaw.com

Co-Counsel for Plaintiffs

                                                               /s/   Inga O. Upshaw
                                                               Inga O. Upshaw